Filed 4/25/13  P. v. McGill CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E057102 |
| v. | (Super.Ct.No. RIF127778) |
| THOMAS EDWARD McGILL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  David A. Gunn, Judge.  Affirmed.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On September 13, 2006, an information charged defendant and appellant Thomas Edward McGill with possession of a firearm having been previously convicted of a felony (Pen. Code, § 12021, subd. (a)(1), count 1);[1] possession of an assault weapon (§ 12280, subd. (b), count 2); possession of ammunition (§ 12316, subd. (b)(1), count 3); and actively participating in a criminal street gang (§ 186.22, subd. (a), count 4).  The information also charged that counts 1, 2, and 3 had been committed for the benefit of a street gang.  (§ 186.22, subd. (b).)  Moreover, the information alleged two prior offenses (§ 667.5, subd. (b)), as well as one strike prior (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)).[2]

On May 7, 2009, defendant entered a guilty plea as to counts 1, 3, and 4, and admitted the gang allegations and the priors.  The trial court indicated that, if defendant returned to court for sentencing, it would strike his strike prior and sentence him to a term of nine years in state prison, accruing 50 percent credits, and avoiding the maximum term of 15 years eight months in state prison, during which he would accrue credit at 85 percent.

At the sentencing hearing on February 19, 2010, the court reiterated that it had struck the strike prior and imposed a nine-year state prison sentence.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The original felony complaint was filed on January 4, 2006.

Defendant requested that the court calculate his credits under the "new law [that] had kicked in as far as January 25th . . . ." The trial court calculated his credits as 341 days actual time, with 170 custody credit days, under section 4019, for a total of 511 days. The trial court stated that it did not believe the new law applied retroactively. It also noted: "If it does, I am sure they will recalculate it in his favor, that would be my opinion."

On August 23, 2012, defendant filed an ex parte motion to correct his presentence credits, based on the formula of two days credit for each two days in custody. The trial court denied the ex parte motion. The minute order stated that the trial court denied the motion because "defendant is not entitled to presentence custody credits due to strike prior."

On September 10, 2012, defendant filed a timely notice of appeal. The notice of appeal was amended on September 20, 2012.

STATEMENT OF FACTS

The probation officer's report stated that officers contacted defendant at a residence on Santa Rosa Way in Riverside. Defendant told the officers that "when he sleeps over," he stays in his son's bedroom. During a search of that bedroom, officers located a revolver in the top dresser drawer, as well as an "SKS style assault rifle" under the bed. Defendant also informed the officers that there was a handgun in the closet.

Defendant stated that he lives on El Sol Way in Riverside, and only stays at the residence on Santa Rosa Way because that is where his son and girlfriend live. He also

3

stated that his parole agent has contacted him at the Santa Rosa Way residence, and has performed "house checks" at that address.

The probation report also noted defendant's prior felony convictions.

ANALYSIS

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                              J.

We concur:


RAMIREZ
            P. J.


KING
        J.

4